UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  2:18CV436-PPS |
| | ) |
| HEARTLAND BUILDERS OF NWI, INC., | ) |
| HEARTLAND BUILDERS, INC., | ) |
| VANCO LLC, VANDERNOORD | ) |
| BUILDERS, INC., DOUGLAS R. | ) |
| VANDERNOORD, and RICK L. MOSSELL, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Design Basics has reportedly settled its copyright infringement case against defendants Vanco LL, Vandernoord Builders, Inc., and Douglas Vandernoord. [DE 101.] As for the remaining defendants, Heartland Builders of NWI, Heartland Builders, and Rick Mossell, Design Basics has filed a motion for leave to voluntarily dismiss the case without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. [DE 95.] That rule governs when the voluntary dismissal of a lawsuit requires a court order, and provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper....Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed.R.Civ.P. 41(a)(2). The Heartland defendants oppose the motion, arguing that the motion should be denied, or in the alternative that the dismissal should be with prejudice. [DE 100.] Design Basics has not filed a reply.

The motion to dismiss represents a throwing in of the litigation towel. Design Basics has suffered two significant losses in the Seventh Circuit on similar copyright cases against other home builders. Design Basics claims that after the first, *Design Basics, LLC v. Lexington Homes*, 858 F.3d 1093 (7th Cir. 2017), it "determined, in good faith, that the decision in *Lexington Homes* did not bar the claims in this case." [DE 95 at 3.] But after the more recent blow, in *Design Basics LLC v. Signature Construction, Inc.*, 994 F.3d 879 (7th Cir. 2021), Design Basics has "concluded that, regardless of what evidence Plaintiff has regarding *actual* copying, it is highly unlikely that it will convince this Court that the copied plans are 'virtually identical' to Plaintiff's plans" as required by *Signature Construction.* [DE 95 at 4 (emphasis in original).] As a result, Design Basics has "decided that it is not appropriate to continue to press its claims in this case in light of binding Seventh Circuit precedent." [*Id.*] Heartland Builders, feeling that after years of defending unjustified claims of copyright infringement it is entitled to finality in its favor, has responded to Design Basics' motion to dismiss with an argument against dismissal on Design Basics' terms, or in the alternative for dismissal *with* prejudice instead. [DE 100.]

Whether or not to dismiss a complaint without prejudice under Fed.R.Civ.P. 41(a)(2) "is within the sound discretion of the district court and may be reversed only if the appellant can establish that the court abused that discretion." *Kovalic v. DEC Intern., Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). The court's discretion is abused where the defendant suffers "plain legal prejudice" from a dismissal without prejudice. *Id.*,

2

quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). Several factors have been identified "that a district court may wish to consider in making its determination as to whether a defendant has suffered legal prejudice." *Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991). These include the defendant's effort and expense in defending the case, excessive delay and lack of diligence by the plaintiff, an insufficient rationale for seeking voluntary dismissal and whether the defendant has filed a motion for summary judgment. *Id*.

Citing these factors, Heartland makes a compelling case against dismissal without prejudice. The litigation has pended for two-and-a-half years. Discovery was extensive and lengthy, including expert reports from both sides and the depositions of eight witnesses. [DE 100 at 4.] The case was stayed pending the appellate decision in *Signature Construction*, but Heartland points out that Design Basics waited five months after the district court decision in that case to request the stay: "[i]f Design Basics would have requested a stay shortly after it decided to appeal the district court's decision in *Signature Construction*, all eight depositions could have been avoided along with the Defendants corresponding attorney fees and the significant amount paid by the Defendants in expert witness fees." [*Id*. at 6.]

After completion of discovery, the parties filed cross-motions for summary judgment and a motion to strike, supported by voluminous briefs and hundreds of pages of exhibits. [DE 53, 54, 55, 56, 58, 59, 64, 65, 66, 68, 70, 71, 72, 80, 81, 82, 83, 84.] Because the record shows that Heartland has expended considerable resources on

3

preparation for trial and a dispositive motion, it would be inequitable to allow Design Basics to take a voluntary nonsuit retaining the ability to start the litigation over. *Redwall Live Corp. v. ESG Security, Inc.,* No. 1:13-cv-01849-SEB-DML, 2015 WL 791450 at *3 (S.D.Ind. Feb. 24, 2015). Rule 41(a)(2) should not be abused by a plaintiff "in order to evade an imminent adverse judgment." [DE 100 at 7.] The Seventh Circuit long ago held that the denial of a motion to voluntarily dismiss without prejudice was amply supported where a plaintiff "was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic." *Pace v. South Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Design Basics' explanation for seeking dismissal in essence concedes that it cannot win under the applicable precedent of the Seventh Circuit. In such circumstances, Heartland is entitled at this juncture to finality and peace from this extended lawsuit. Similarly, in *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 927 (7th Cir. 2008), the copyright owner plaintiff moved to dismiss without prejudice after more than a year of litigation, acknowledging that it lacked sufficient evidence to prove its claim. The court dismissed the case with prejudice instead. *Id.* That decision was not appealed. Instead, the Seventh Circuit was asked to review the district judge's denial of the defendant's application for attorney's fees under the Copyright Act. That decision was reversed, the Seventh Circuit concluding that the defendant had "obtained a favorable judgment," and the fact that "this came about when Riviera threw in the

4

towel does not make Midwest less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor." *Id*. at 928.

All four factors repeatedly identified by the Seventh Circuit weigh in favor of a determination that Heartland will suffer legal prejudice if Design Basics is granted a voluntary dismissal without prejudice. *Ratkovich*, 951 F.2d at 158. "[I]t is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer 'plain legal prejudice' as a result." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). Design Basics has filed no reply to Heartland's memorandum, and so has not disputed this conclusion. I will grant in part and deny in part Design Basics' motion to voluntarily dismiss this case, which will be dismissed with prejudice. Thereafter, as *Riviera Distributors* suggests, Heartland can file its motion for an award of attorney's fees. The parties are encouraged to make a good faith attempt to resolve the issues of fees and costs without the need for further briefing and a ruling by me.

Heartland believes its pending summary judgment motion would yield a favorable judgment defeating Design Basics' claims of copyright infringement. Heartland is concerned that a voluntary dismissal will be prejudicial because it would not provide Heartland confidence that it can continue to use the house plans challenged in this lawsuit without risking future litigation by Design Basics: "[o]nly a judgment on the merits can clarify if Heartland can use its plans in the future." [DE 100 at 5.] In my view, the dismissal with prejudice *is* a judgment.

5

Fed.R.Civ.P. 54(a) defines "judgment" as "a decree and any order from which an appeal lies." Because here Design Basics concedes defeat and a dismissal with prejudice has preclusive effect, Heartland obtains what the Seventh Circuit has called "a favorable judgment." *Riviera Distributors*, 517 F.3d at 928. I quote Judge Easterbrook's opinion, substituting the names of the parties: "That this came about when [Design Basics] threw in the towel does not make [Heartland] less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor. [Design Basics] sued; [Heartland] won; no more is required." *Id*. Heartland's eligibility for fees and costs as the prevailing party is thereby established. *Id*.

In view of Heartland's expressed concerns, and Design Basics' failure to reply to them, I will also exercise my discretion in fixing further terms I consider proper if I am to grant voluntary dismissal pursuant to Rule 41(a)(2). The dismissal will be with prejudice, and preclude any future claims of copyright infringement based on defendants' architectural designs for single family residential homes identified in ¶75 and ¶76 of Design Basics' First Amended Complaint [DE 34]. Because the dismissal is to be granted with this preclusive impact, I will direct the Clerk to prepare and enter a judgment expressing these terms.

**ACCORDINGLY:**

Plaintiffs' Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed.R.Civ.P. 41(a)(2) [DE 95] is GRANTED IN PART and DENIED IN PART.

The Clerk shall prepare and enter judgment in favor of defendants Heartland Builders of NWI, Heartland Builders, Inc., and Rick Mossell and against plaintiff Design Basics, LLC, DISMISSING the First Amended Complaint WITH PREJUDICE to any future claims of copyright infringement based on defendants' architectural designs for single family residential homes identified in ¶75 and ¶76 of the First Amended Complaint [DE 34].

**SO ORDERED**.

ENTERED: July 19, 2021.            /s/ Philip P. Simon
                                   UNITED STATES DISTRICT JUDGE